*140 Opinion op the Coürt, by
Judge 'Owsley.
THE appellant, Mrs. Marshall, is the daughter of John Lewis, deceased, by whose will the land which is the subject of this contest, was devised to her and her brothers, Gharles Lewis, Andrew Lewis and.Samuel Lewis. - She first intermarried with a certain-Luke, and after his decease married Spencer Ball, and aSa3nJ after the death of Ball, and during the pendency of this suit in this court, she married the appellant, Alexander Marshall. The suit was brought by her wkilst s^e was the widow of Ball, and after her marriage with it was revived in his name,
Whilst she was the widow of Luke, and on the 11th 1812, she contracted with Andrew Lewis, wÉOí.a^jt^d for himself and as agent for his brother,Lewis, to sell to them her undivided fourth par£ ¿p a tract 0f one thousand acres of land lying in the county of Jessamine, and a tract of two thousand five hundred acres lying in the counties of Franklitl and Woodford, at the price of eight dollars per acre.- At ^le same trine, a deed of conveyance was executed by her to her brothers,- Andrew and Samuel, for the two tracts of land, and which purports to have been' made ^or the consideration of seven thousand dollars, the aggregate amount of one fourth of three thousand fiv.e hundred'acres at eight cellars per acre. One thousand dollars °f the purchase ' money was paid in hand, by Andrew Lewis, and bonds executed by him for himself and as agent for Samuel'Lewis, to secure the payment *141 Síáfe; tímeles® ¿teíLá,- sapirff ,^. v ^.. . ... ^.,x ,. ..,,w J,p'ropio,rfio,t#fQfv¡tl|6!láíB5i^>andv.'4ftf¥ sugéfeng eig-bthfollars per aeré tó Be'áíai^prtóe^s^t,. qtiOb> terms of the purchase to be eight- 'doIIáRgjjj^ ;áeré;'rbut at the samé tíme.st-ipulating, that if th^^|3 fSSidre'w and Saiga el; shall sell' that part of the -said” One ,^|oo1-th*'¿f said* tandsp.-w^fc'h^as. then unsold,; foE ' mAnjeight dollars per1 aci;e, elthe,r of them so selling sTOultl'^phythe amoffnt exceedingAeight aéfe,'tóthéir said sister Luke’. ’-The writing cbntsi^s other ‘recitáis, not. necessary how tp.jhe.no.ti!^®^, ?2ancl finally concludes by an agreement, “'tl$í.,thé.íatíds-the therein ^mentioned and' conveyed by íhé said^'L^hej shall'remaní and he subject to the payment ofíliat .pfávt *^f:'.;tlteí'purchase money then unpaid; and in cas'eythe ;S&|d|ÉJizá'-Luke and her heirs are not able to - recover Ífid'láid sums of monejr agreed to be giv.en;||>r4sai(i.land, "they: shall and may recover, and- KÉMfeg8éss¿aaiá 3-añdr hi.her former title, as if .the deedefilesaidJaad neveffbeeiimade.” . . . v^rfU
„ , . ,, may, If the.lftpd was' daim 0f dower,-noS withstanding dotare«jr ^^^ eñeumstarree would.com-¡y^g-J^glC eticlfóf esti* mates.
... wife^intterest i« laM'/isSíf fhinguiorljr the husbáncl lur
y^uhVe'Gjuent to this, and after Mrs. Luke ha.dan^ufr ■Spencer-Ball and Samuel Lewis,’ in reciting the contract between Andrew Le'wis-.ah^ftlrs-. T"":,'3,,.atKÍ suggesting that Samuel Lewis dicRrigdün-:.|p authorise Andrew Lewis to tontract in tbéWato-I recited, as to the said land,-and stating <S3H®*§p£ii*esdhat the'contract should not i’.feiltv. ’ih which it was nlaced hv the contract of Ei-iz'ay 'Jíisáwifé, should, on or before the-first of September next thereafter, dissent or finally agree -to' the sale of the land for the consideration expressed in, the. contract with Andrew-Lewis, and in case of their agreeing to'-the contract, the said Samuel was to - make the\pay-rítóji-ts, according to the terms thereof,' on the.'said'firsh dl^p'f September,-or -as soon thereafter, as required. fjá$ÍWt.the same time received from Samuel Lewis 'a' dEbvetof.hqgs, the price of. which was to-be retained'by himfin-rpart paymentjoffhe price-of the land, in case.he' should- finally confirm the salé; but it’ was- further *142 agreed. if'Báll , should ^dissent to the contract, against said first"day of "September, deliver up- the obliga-tións which; Andre whad Axec u ted fof'the'purcfíáséím'ó-ney,'pay(1thep,rqceed‘J||fi.tbe'drOve of hogs, arid-rdfund the money ac'tuáliy-adivánced'in'payment- of' flíe" láhd, thiat the contract of sale should be vacated and held for and the deed of &cY
■ ÜíOTÍ'rthe first of September 18J5,' Ball 'execute'd a receipt, setting out the various payments made by Lew is /on the land, amounting in the'aggregate to ten thousand dollars, and acknowledging the receipt ofthe1 sainé . in full satisfaction for the land. ‘And in January-! 8¥3, the said Spencer Ball gave a further writing, certifying that; he was/informed by the administrator of Andrew Lewis, that the said Andrew died insolvent, ■and acknowledging full payment from Samuel Lewis*''bf the price.agreed to be given by Andrew Lewis'for the land,, in his: contract with Mrs. Luke, &c. ;
After this, Spencer Ball departed this life, and. his widow, Eliza1 Ball, exhibited this bill against Samuel Lewis andsfikrious others. She charges, that'uhder the will of deceased father, John Lewis, she" be-came, entitled, to the one undivided fourth- parVdfftwo military tracts of land in the state of Kentucky, one'a tract estimated at 1,000 acres, and the otherestimated at 2^000 acres; that she authorised her brother,-Samuel ' Lewis, who then resided in this state, to transact her business and make sale of her lauds; that she wás'á destitute-widow, living in the state of Virginia, without,-the necessary means of support, and totally igno--' rant, qfthe. value of her lands in Kentucky; that whilst in’thissifuation, she was applied to by Iier'brotliei" 'Andrew Lewis, to purchase her lands in Kentucky, *for ■ himself and her brother Samuel, and being assured by' Andrew, as well as by a letter from Samuel., fhat-seven dollars per acre was an adequate price for her lands;- and being in great need of money, she agreed ■ to sell the lands for eight dollars per acre, and actually exe-cutedj.a conveyance therefor, to her two brothers, the-said Andrew at the same time executing to her an instrument of writing, providing for a rescisión of the contract, upon his and his brother Samuel’s failing to malte-i prompt payment. She alio charges, that at the time of making the contract,: she possessed ‘great confidence: in _ the integrity of her brothers and their affection for *143 and that .she was then^entirely ignorant of hpr, tücpier SamuMsrfilavin'g préyiou'plyy fi^mher^oid^y^rt of he,r.land, ;oc that’either tract ~~-1'" ’.. -’it ? ^hetvBrp^her.Samnel had intact soljñipárt'of h'érTáfiii a.tthe, grice qf ifem dollars per acre, tfte gíeater^paít whereof he,received in hand. -She, moré over,'chafes^s-^r ^rothers, with having fraudulently colbceale^ll^pn fiertlfe. sale, wliich Samuel had made of her land,* anil having, falsely represented the land not- to be worth more than eight dollars per acre, when part had been sold for ten. dollars per acre, and '¿alLwas at that..time worth ah,o.ut .fifteen dollars per aere.- She also states that dh^was informed by her brothers, that the'land was"ih^sived in litigation,, when in truthjhere w^'np ^-conflicting claims interfering with it, and no othdi'p’re’, tended claim upon it. She charges that both 'ShjrWhei and’ Andrew failed to comply with their part of the contract so fraudulently procured, and insists that before .the subsequent agreement made between Samuel Lewis and her husband. Ball, the contractfmade by her with Andrevy Lewis, was forfeited. . Shfellleges-that shy .was no party to the contract between ¡her husban'd and her brother Samuel,and insists that it is not oblig-’ atqry.oii .her, and that it ought not to be made to defeat her,from recovering her land. But^he further statps, that thp agreement so made by her husband, was procured by Sam.uel Lewis through the same'false and delusive representations of the value of the land aud its bping.involved in litigation, that had been made by Andrew to'her. She denies that either the contract made with her by Andrew, or that made with her husband, Ball, by. Samuel, has been fulfilled by her brothers. She grays that the contracts may be either set aside or sgppincally enforced, and that her proportion of the surplus of each tract maybe decreed to her, except so far as her first husband, Luke, had sold the surplus of the Jessamine tract, and received payment.
Samuel Lewis admits the contract which was made hy^his brother Andrew, with his¿s,ister Luke, for the1 laaji; but he states, that in stipulating to pay more than eight dollars, he considered hisi brother had exceeded the power which.he intendedWconfér on him, to .make the contract He wlfeges that the land was incumber- • *144 ed with his mother’s, right of dower, and avers that he considered,'eight dollars per acre was a fair price, foci's si'ste.r’s'interest, áí' thp;tiixie Andrew,m|de .fhe'pjir-chase.' He dénies'rnjilang ápj false statements by,Vet-ter to his si’ster, or h~á|||ng\concealed the fact of his haying sold' párt ' .ofJjifer fend; but, .to the, contrary, fie alleges that he had previously written’to her, informing her of the sale, and that the letter was before her when she cóñclucled the contract with Andrew. * He alleges, that'not being satisfied with the manner , in which the contract was-made by Andrew,' and b.eing desirous of having the business amicably and finally closed, he entered into the subsequent agreement, fairly and in gpod faith, with his sister’s husband, Ball, and, as he then supposed, to her entire satisfaction and with her approbation. He alleges that, instead of dissenting^pm the agreement, as he was permitted to do by the last agreement, Ball finally received from him about ten thousand dollars, in full satisfaction for the land, a sum amply sufficient to cover the value of the land, according to any fair estimate, at the time it was sold, including surplus. insists that the husband of his sister, Ball, was entitled bo receive the price of the land. He der pies that tide Jessamine tract contains more surplus than will be adequate to compensate him for the. money advanced under his contract with Luke, his sistér’s first husband. He denies that his .sister was ignorant of the tracts’ containing surplus, when she sold to Andrew. He denies that the contract with Andrew has been forfeited, and insists that his sister is entitled to no relief.
The court below j on a final hearing, pronounced a decree dismissing the complainant’s bill with costs.
There is evidently no foundation for the charge contained in the complainant’s bill, that she was ignorant of the tracts’ containing surplus, at the time she contracted with Andrew Lewis. Prior to that time, her first husband, Luke, made an agreement in relation to the surplus of the Jessamine tract, with Samuel Lewis: and it is clear, from other statements in her bill, that she was apprised of that contract. And with respect to the other tract, which, according to the original survey, is denominated 2,000 acres, it is equally clear that she must have known that it contained surplus; for, iü her contract with Andrew Lewis, that tract is described, as containing 2,500 acres, and'that description ap- *145 «irs to fia£v§ beenípken from a letter Which had pre-tíhíjf beérf "written to her by, Samuel' Lewis$ and ich- was thenibqfór.e her. \ If ip true, that instead of the'cjuantity of 2,500 acres, 'which5that tract is described to cb,niitin,.it appears now, fr^tha,evidence in this cause,'id'contair^about 2,600 ácres; nut that mistake i ri me quantity is not of a character which ought to in-etehe a cancelment of the contract. It resulted-, • most probably, from an honest, though mistaken opinion en-tértaiáed by Samuel Lewis, as to the-true quantity of ácrtís, and was, mentioned in the‘contract, not for the ptirpose of éither concluding the «slier or purchaser! as to the quantity, but as a desifpfption of the tract, which was sold by the acre, and which ought to be paid f^r'thytóie' acre, be the quantitymore or less.
"Ánd^W possible, there is less pretext'for the suggestion contained in thebill, that the complainant was ig-hqrant of any sale having been made of any part of her 3a*nd,' by Samuel Lewis, before she sold to Andrew. Tile writings which were executed at the time of the §dis, expressly refeF to a letter which had been previ-pbsly received by her from Samuel Lewis'; and from that letter, now contained in the record, she appears to liáy.éRpen informed of a sale to the gmount of eighteen liund^ffl*,dollars having been made of her land, and’one M;ousa¥d dollars thereof sent to her by Andrew Lewis.' -‘" The main charge of fraud, and "that alone which the p'roof in the cause seems to conduce most strongly to support, rela’Ses to the representations alleged to' have beé.n'made by Andrew, at the time of the contract, as to the value of the land.
,.It cannot be denied, but that eight dollars per acre ■was alleged by Andrew to be a fair price. The wri-tiftgs themselves show that such were his statements, ahd the *parol proof tends' to establish the fáfct. It is, moreover, satisfactorily proved, that the land, at that time, was of value greater than eight dollars per acre. The lowest estimate put upon the land by any witness, is ten dollars, and between that and twelve dollars there is some difference of opinion. The weight of evidence, we think, is in favor of ten dollaSfl?'
But it should not be forgotten, that value is mere fn&tter, of opinion, and the r‘d|resentations should be grossly and palpabMfalse, to authorise from tlíeñce the •inference of - fraudf^in this case, however, there are *146 other circumstances, which, in our opinion, are enti-tied to weight', in testing the,- motives which induced those representations.'*' By the will of John Lewis, de.-ceased, his wjfe wastgjjitled to one third of those lands, during her life; jjiat interest had been purchased from her by Samuel and Andrew Lewis,- before the complainant sold the land, and at the time of the sale their mother -whs still living. In fixing a value upon the complainant’s interest in the land, therefore, Andrew Lewis may have taken into the estimate the incum-brance of his mother’s right; and, admitting the land to have been otherwise .worth ten dollars, that incum-brance, according ttqany fair calculation, would reduce it to something like the amount of eight dollars. Under such circumstances, it would be indulging toojrigid a presumption, to infer from the representationsfls to the. value, a fraudulent intention to impose upon the complainant. Such an intention would, in fact, be incompatible with the stipulation made by Andrew, to pby the complainant whatever sum, above eight dollars, the land should thereafter be sold for, and is forbidden*by the subsequent conduct of Samuel Lewis, in placing, by his agreement with the complainant’s husband, Ball, the execution or cancqlment of the contract at the .election of Ball and his wife. y§/'
Hence we infer, that neither the conduct of Andrew, nor that of Samuel Lewis, in making the contract, ivas of that deceptive character which can justify a cancelment of the contract of purchase made by Andrew Lewis.
We do not accord with the complainant in the position assumed in her bill, that by not performing the contract on their part, before Samuel Lewis entered into the second contract with Ball, Andrew and Samuel had violated the contract made with the complainant, and that her interest is not prejudiced by the acts of her husbafid, Ball.
The writing which was executed, by Andrew to the complainant, at the time of the contract, is, no doubt, sufficient to secure her a lien on the land for the sale money;' but we view*that writing in the light of a mortgage, and not, in technical language, a defeasance, operating to defeat the estate which had been conveyed by the comg^inant, and revest tj^.same in her, upon a failure,, of Andrew or Samuel Lewis to perform any of the stipulations of the contract.
*147 _ f\Thus cdfisiderihg that writing, therefore, there can b'e'Wquestidp B’uf that Bali, the husband of the com-plainánt, possessed'the right to aisposeTof the,claim which she held on Andrew ánd'Sair¡uel Lewis for the land'.' In legal strictness, her claim vfos for nothing but money; it was a chose in action, and immediately upon heRmarfiage' with Ball, was at his disposal..
‘ 'If the claim held by the complainant on the Lewises,. had not been received by Ball, or disposed of by hioi in his lifetime, she, as the surviver, would, no doubt, be entitled to it; but the proof is conclusive, in this case, that Ball has not only dischMjged Lewis from all obligations under the contract, but that he in fact received a. sum from him more than equal to the value of his wifáp; interest in the land, including the surplus.
It follows, therefore, that the complainant has shown no right to relief, and consequently, her bill was properly dismissed.
Decree affirmed with costs.